L. E. SIMONDS, Testamentary Executor of Cresswell, *v.* MRS. JOHN B.
BYRNE et als.

Parol evidence, if objected to, cannot be received to prove title to a slave.
A judicial admission by an universal legatee can in no manner whatever affect or impair any rights
which may be acquired by legacy under a particular title.
C. C.. 2255.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
*Wolfe & Singleton*, for plaintiff.

*J. Ad. Rozier*, for *Mrs. Cresswell*:

The verbal sale is clearly proved by the testimony of *Wise* and *Martin*, and
actual delivery of the slave was made previous to the death of *Cresswell*. *Martin* informs us that "he was hurrying *Cresswell* to make a bill of sale, but he
said it made no difference, the slave had been sold, and the sale was good
without it." The sale was perfect. C. C. 2255. A price was agreed on, and
actual delivery made. The sale is considered to be perfect between the parties,
and the property is of right acquired to the purchaser, with regard to the seller,
as soon as there exists an agreement for the object and the price thereof, although the object has not yet been delivered, nor the payment made. C. C.
2431.

The words, "with regard to the seller" clearly indicate, that a verbal sale of
an immovable, as between the parties, is valid. As to third parties, the case is
different. *Widow Byrne* could object, in ordinary cases, to the introduction of
testimonial proof. But here we see, by her answer, that she herself sets up a
verbal sale. The universal legatee admits the fact. Who, then, has the right
of insisting on the rejection of parol proof? Surely, not the executor of the
vendor; and the slave sold, it is unnecessary to add, not being a party to the
suit, and for other reasons too obvious, has no right to contend that a written instrument of sale should have been executed. (Before the institution of this suit
*Sarah Cresswell* had been recognized as universal legatee, and been put in pos
session of the succession)—See Commentaries of Troplong on art. 1583, C. N.
The case of *Morgan* v. *McGowan*, 4 M. R., 209, quoted by the lower Court, has
no application whatever to the suit now before this Court.

The parol sale of an immovable is not void, either under the old or new
Code; if a party acknowledge the agreement, or permit parole evidence of it to
be given, it will be enforced. A contract is to be considered abstractly free
from its form,—the instrument which is the evidence of it; the one is the nut,
the other the kernel. The writing is resorted to, in order to perpetuate the
remembrance of the contract, but it is not of its essence. The Civil Code, 310
and 241, requires every covenant tending to dispose of a slave to be written.
But it does not avoid a covenant, since it provides, that if a covenant be denied,
its existence shall not be proved by parol; a negative pregnant with the affirmative that it may, by the admission of the party in the pleadings in his judicial confession, etc. *Wells* v. *Hunter*, 5 N. S., 119; 4 La., 22; 4 Ann. 39.

*H. B. Cenas* for *Mrs. Byrne*.

VOORHIES, J. The testamentary executor of *Elihu Cresswell*, deceased, sues for
the recovery of a slave named *Roger Sumner*, alias *George*, as belonging to the
succession of the testator, "whose last will and testament ordered freedom to be
given to all slaves belonging to him at the time of his death."

The defendant sets up title to the slave in dispute under an alleged verbal
sale, accompanied by actual delivery, from *Elihu Cresswell*, made to her sometime previous to his death; and avers that she has ever since been in possession
of said slave as sole owner.

This case comes up upon a bill of exceptions to the opinion of the District
Court, ruling out parol evidence to prove title to the slave *George*, as averred in
the defendant's answer. We do not think the District Court erred in rejecting

13

the evidence. It is clear to our minds that this case does not constitute one of the exceptions recognized under the general rule laid down in Article 2255 of our Code.

It is equally clear to our minds, that the judicial admissions of a universal legatee can in no manner whatever affect or impair any rights which he acquired by legacy under a particular title.

We are not prepared to say that the District Court erred in refusing to grant a new trial on the grounds urged by the defendant and warrantor.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both Courts.

Re-hearing refused.